UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEITH PRICE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | C.A. No. 1:15-cv-00185 |
| | § | |
| NATIONAL FLOOD INSURANCE PROGRAM, | § § § | |
| | § | |
| DEFENDANT. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Keith Price ("Price") and files this Plaintiff's Original Complaint complaining of the National Flood Insurance Program ("NFIP") and for causes of action would show as follows:

I.

**JURISDICTION and VENUE**

1. This is a suit based on breach of contract arising under an insurance policy issued to Price by NFIP. All of Price's causes of action asserted herein accrued in this Division of the Western District of Texas and the insured property at issue is located in this Division of the Western District of Texas. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. The Court also possesses subject matter jurisdiction over all cause of action and claims for relief stated herein.

1

II.

**PARTIES**

2. Plaintiff is a natural person and resident of Travis County, Texas, who resides at 9404 Springdale Road, Austin, Texas 78754.

3. NFIP is an insurance program operated by the U.S. Department of Homeland Security and the Federal Emergency Management Agency.

III.

**STATEMENT OF THE CASE**

4. Price owns a house and property located at 9404 Springdale Road, Austin, Texas 78754 ("Property").  Price obtained flood insurance coverage through NFIP under a standard flood insurance policy to insure the Property.  NFIP issued policy number SF00527093 to Price and insured the Property for flood related damages.  On October 31, 2013, the Property sustained direct physical loss due to flood waters which occurred during the Halloween Flood which hit the Austin, Texas area.  The losses and damages sustained by Price which form the basis of this lawsuit, include, but are not limited to, damage and/or loss to the structure of the house located on the Property as well as damages to the vapor barrier system, building envelope and foundation.  The losses suffered were the type of loss Price sought to insure against and NFIP admitted that Price sustained a covered loss under the NFIP policy.

5. NFIP investigated Price's loss and damages, paid him for some contents which were damaged in the flood, and paid for some initial repairs to the structure.  NFIP however failed to pay for all damages sustained due to the flood water, under paid the amounts needed to restore the Property to its pre-loss condition, and refused or failed to pay for the foundation related repairs.

2

NFIP's refusal to pay for the foundation related repairs and failure to pay the correct amounts needed to replace the building envelope and vapor barrier were due to NFIP's reliance on a questionable engineering report prepared by Jeff Tucker, the engineer hired by NFIP to inspect the Property and survey the damages sustained due to the flood.  Tucker's inspection of the Property failed to include any proper visual inspection of the foundation of the Property or of the area under the flooring and failed to include a proper inspection of the piers and beams supporting the foundation.

6.   Price submitted all Proofs of Loss requested and required for payment under the NFIP policy however to date NFIP has failed to pay for all necessary repairs.  NFIP's failure to fully compensate Price for the losses and damages amounts to breach of the insuring agreement and provisions of the policy and thereby constitutes breach of contract.  Price thereafter retained the undersigned counsel to investigate the claim and attempt to obtain additional payment for the losses and damages to the Property.

7.   Counsel for Price submitted a demand to NFIP for payment of additional amounts for the flood related damages and necessary repairs. NFIP then tendered to Pice a supplemental payment for repairs to the Property.  NFIP refused to mediate the remainder of the claim and failed to pay the full amounts needed to repair the Property.  Price was therefore compelled to file this lawsuit for collection of all damages due Price and should therefore also recover his reasonable and necessary attorney's fees incurred herein.

IV.

**BREACH OF CONTRACT**

8. Price would show he obtained from NFIP a policy of insurance to insure against the types of losses and damages sustained by Price - namely flood related damages. NFIP has breached the contract of insurance by failing to provide Price with the benefit of the bargain. NFIP accepted and cashed Price's premium payments but refuses to honor the contract of insurance. NFIP failed to provide the coverages afforded Price under the NFIP policy and failed to timely and fully pay Price for all covered losses and damages arising out of the claim at issue. As a consequence of NFIP's breach of contract, Price has suffered damages for which he now sues.

9. As a further result of NFIP's breach of contract, Price was required to retain the undersigned attorney to investigate the claim and institute this lawsuit to collect the damages due Price and therefore he is entitled to recover all attorney's fees and costs necessitated by this investigation and lawsuit. All conditions precedent to Price's recovery herein have occurred and have been performed.

V.

**VIOLATIONS OF TEXAS INSURANCE CODE**

10. NFIP is in violation of article 542.051 of the Texas Insurance Code by:

(1) failing to properly and timely complete an investigation of Price's claim by failing to timely identify and pay all covered losses and damages; and

(2) failing to pay Price's claim within 15 business days of its receipt of all information needed by it to secure final proof of loss and pay the claim.

As a proximate cause of NFIP's acts, errors and/or omissions, Price has suffered damages for which

4

he now sues.    Price therefore requests the Court award damages pursuant to Article 542.060 of the Texas Insurance Code.

## VI.

## **DAMAGES**

11.    Price has suffered actual damages to the house in an amount that exceeds the minimum jurisdictional limits of this Court.   Price has incurred additional and consequential damages, including but not limited to, costs connected with the investigation of his claim, loss of use damages that will be incurred during repairs, and consequential damages to the house caused by NFIP's refusal to fully and timely pay for all needed repairs.

12.    Price has been required to retain the undersigned attorney to prosecute this lawsuit and has thereby incurred reasonable and necessary attorneys' fees and costs for which he now sues. Price has pleaded herein for recovery of attorney's fees and para-professional's fees.  Price is authorized to recover attorney's fees on the claim by statute or contract between the parties.   Price is represented by counsel herein and has complied with all conditions precedent to recovery herein. Price is entitled to recovery of attorney's fees and such fees have been incurred or may be incurred in connection with this lawsuit.

13. The attorney's fees sought herein are reasonable and necessary.

14. Price requests the Court award prejudgment and post judgment interest and statutory damages under the Texas Insurance Code.

VII.

**JURY DEMAND**

15. Price hereby demands a trial by jury in accordance with the Federal Rules of Civil Procedure and Evidence and the Constitution of the United States of America.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon final hearing, this Court and jury grant the relief sought herein and that Plaintiff have judgment against Defendant and that Plaintiff be granted such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ Nicholas S. Bressi
Nicholas S. Bressi
State Bar No. 02959485
Law Office of Nicholas Bressi
704 W. 9th Street
Austin, Texas   78701
Tel: 512.472.3123
Email: nick@Bressilaw.com

ATTORNEY FOR PLAINTIFF
KEITH PRICE

6