**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| KEITH PRICE, | § | |
|         Plaintiff, | § | |
| V. | § | |
| | § | |
| WILLIAM CRAIG FUGATE, | § | A-15-CV-00185-LY-ML |
| Administrator of the Federal Emergency | § | |
| Management Agency, | § | |
| | § | |
|         Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Keith Price's Original Complaint, [Dkt. #1], filed March 4, 2015, his Amended Complaint [Dkt. #3], Defendant William Craig Fugate's Motion to Dismiss For Lack of Subject Matter Jurisdiction and, In the Alternative, Failure to State a Claim on Which Relief Can be Granted [Dkt. #8], Plaintiff Keith Price's Response [Dkt. #9], and Defendants' Reply [Dkt. #11].  The Motion to Dismiss and related briefing were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Additionally before the Court is Defendant William Craig Fugate's Objection to and Motion to Exclude Evidence Submitted With Plaintiff's Response Motion to Dismiss For Lack of Subject Matter Jurisdiction and, In the Alternative, Failure to State a Claim on Which Relief Can be Granted [Dkt. #10].   No response has been filed to this Motion, and the time to do so

under Local Rule CV-7 has expired.  The Motion to Exclude Evidence [#10] has been referred by United States District Judge Lee Yeakel to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  *See also* FED. R. CIV. P. 72; Loc. R. W.D. Tex., App'x C, Rule 1(d). After reviewing the pleadings, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

### I. BACKGROUND

Plaintiff Keith Price owns a house and property located at 9404 Springdale Road, Austin, TX 78754 (the "Property").    Am. Compl. [Dkt. #3] at ¶ 4.  Price obtained a standard flood insurance policy (SFIP) through the Federal Emergency Management Program (FEMA) and the National Flood Insurance Program (NFIP).  *Id.*    On October 31, 2013, the Property sustained flood damage from the "Halloween Flood" that hit the Austin, Texas Area.  *Id.*  Price submitted a claim to FEMA and NFIP for flood damages arising from the October 31, 2013 flood.  *Id.*  Price, unhappy with the results of the claims process, filed suit on March 4, 2015, pursuant to 42 U.S.C. § 4072.  This statute authorizes a claimant under an SFIP to sue the Administrator in federal court "within one year after the date of the mailing of notice of disallowance or partial disallowance [of a claim] by the commissioner."  The Motion to Dismiss and related evidentiary dispute before the court concern when this one year jurisdictional limitations period began in Price's case.

On November 27, 2013, Alejandro Garcia, a FEMA Claims Examiner, wrote to Price on FEMA letterhead:  "We have received and reviewed the engineer's report regarding the additional damage that you are claiming to the floor system and pier and beam foundation of your insured property.  ***Upon review, we discovered that the policy won't let us make any additional payment***, and a copy of the report is included with this letter."  Mot. Dism. [Dkt. #8],

Ex. 1, at 1 (emphasis added).  The November 27, 2013 FEMA letter also notified Price of his right to an administrative appeal of the decision within 60 days.  *Id.*  If this letter constitutes a notice of disallowance or partial disallowance, then the deadline to file Price's suit under 42 U.S.C. § 4072 would have been November 27, 2014.  His March 4, 2015 lawsuit would be untimely filed.

Plaintiff contends this letter was not a denial letter, because he continued to engage in correspondence with FEMA through his attorney regarding various disputed insurance claims through 2014. Resp. [Dkt. #9] at 4-5.  Specifically, he asserts those claims for which NFIP and FEMA provided partial coverage (but not all the coverage claimed by Price) were "never denied coverage" and therefore the statute of limitations for this lawsuit never began running as to those claims.  *Id.* at 4.  He further argues his claims for damage to the Property's foundation were not "finally denied" until July 21, 2014, and claims for certain repairs to the building envelope and exterior of the Property were not denied until February 6, 2014.  Resp. [Dkt. #9] at 4-5.   In the alternative, Plaintiff argues the statute of limitations never began to run as to his claims relating to the Property foundation and the building envelope repairs because he never submitted proofs of loss as to those claims.  *Id.* at 5.

The Administrator asserts the November 27, 2013 letter was a "partial disallowance" that triggered the one-year period for filing suit under 42 U.S.C. § 4072, "and there is no event that can restart that period."  Reply [Dkt. #11] at 5.  Further, the Administrator points out that, to the extent Price seeks to file suit for the denial of payments on claims for which he never provided a proof of loss, Fifth Circuit law recognizes "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's

obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *see* Reply [Dkt. #11] at 9.

## II. STANDARD OF REVIEW

Flood insurance policies issued under the NFIP and administered by FEMA, along with "all disputes arising from the handling of any claim under the policy" are governed exclusively by FEMA regulations, the National Flood Insurance Act (42 U.S.C. § 4001, *et seq*.), and federal common law. *Gallup v. Omaha Prop. & Cas. Ins. Co*., 434 F.3d 341, 342-343 (5th Cir. 2005). Claims are ultimately paid out of the U.S. Treasury. *Id.* Thus, the one-year limitations period for filing suit under 42 U.S.C. § 4072 is more than just a statute of limitations; it is a condition precedent to the United States' waiver of sovereign immunity. *See EC Term of Years Trust v. United States*, 434 F.3d 807, 808, n.3 (5th Cir. Tex. 2006) (limitations periods in statutes authorizing suit against the United States are "conditions to the waiver of sovereign immunity") (citing *Block v. North Dakota*, 461 U.S. 273, 287, 103 S. Ct. 1811 (1983); *Bank One Texas v. United States*, 157 F.3d 397, 403 (5th Cir. 1998)).  A suit filed beyond the one year limitations period is not simply time-barred; the court has no subject matter jurisdiction to consider it. *Block*, 461 U.S. at 287.

Therefore, the Administrator's Motion to Dismiss [Dkt. #8] is appropriately construed as a challenge to this Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  "Generally, in ruling on a Rule 12(b)(1) motion, the court may consider any of the following: (1) the complaint alone; (2) the complaint along with undisputed facts in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts."  *Battaglia v. United States*, 495 F. App'x. 440, 441 (5th Cir. 2012) (citing *Lane v. Halliburton*, 529 F.3d 548,

557 (5th Cir. 2008)).  As both parties have submitted evidence outside the pleadings, the court considers the entire record in ruling on the Motion to Dismiss [Dkt. #8].

### III. ANALYSIS

As a threshold matter, the Administrator objects that correspondence advanced by the Plaintiff to establish that FEMA provided partial coverage of some claims are inadmissible hearsay.  Motion to Exclude Evidence [Dkt. #10].  Plaintiff has not timely responded to this objection, and the undersigned finds it should be SUSTAINED.  Exhibit 2 of Plaintiff's Response [Dkt. #9], the November 7, 2014 Letter from N. Bressi, and all references thereto are inadmissible hearsay and do not form any part of the undersigned's consideration of the merits of this dispute.

In any event, the undersigned notes that the issue of whether FEMA "partially accepted" Plaintiff's claims has no bearing on the jurisdictional statute of limitations.  The plain language of to 42 U.S.C. § 4072 limits this court's jurisdiction to suits filed "within one year after the date of the mailing of notice of disallowance *or partial disallowance* by the commissioner."  Refusal to pay all of the sums claimed by the insured is a partial disallowance of the claim, sufficient to trigger this limitations period.  *St. Germain Place Owners Ass'n v. Tex. Farmers Ins. Co*., No. G-11-071, 2012 U.S. Dist. LEXIS 90740, *3-5 (S.D. Tex. June 29, 2012) (citing *Wagner v. Director, Federal Emergency Management Agency*, 847 F.2d 515, 521 (9th Cir. 1988)).  Further discussion of the disputed claims, and even further payment of certain disputed amounts, is insufficient to "restart" or toll the limitations period absent an express written waiver by the Administrator.  *St. Germain*, 2012 U.S. Dist. LEXIS 90740 at *3-5 (*citing Nabhan v. National Con-Serv Inc*., 1 F.Supp. 2d 91, 96 (D. Mass. 1988)).

In this case, Plaintiff asserts that, in December 2014 correspondence, the Administrator requested that Plaintiff's counsel submit his client's formal denial letter to start the appeals process. Resp. [Dkt. #9], Ex. 3. Plaintiff contends this is an admission the November 27, 2013 letter was not a formal denial letter. This argument is not credible in light of the instructions in the December 2014 letter telling counsel exactly how to obtain a copy of the formal denial letter if needed. *See id.* Correspondence merely "responding to further inquiries about the claim 'has no effect on the running of the limitations period.'" *St. Germain,* 2012 U.S. Dist. LEXIS 90740, at *3-5 (quoting *Wagner*, 847 F.2d at 521).

With regard to Plaintiff's claim that the statute of limitations never began to run on certain claims for which he has not submitted proofs of loss, Fifth Circuit case law is exactly the opposite: An insured in the NFIP cannot file a lawsuit seeking additional benefits under the policy unless the insured can prove compliance with all SFIP requirements, specifically including timely filing of proof of loss. *Marseilles Homeowners Condo. Ass'n v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008). "An insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954.

Plaintiff bears the burden to establish a waiver of sovereign immunity. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *St. Tammany Parish v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009). None of the correspondence or argument submitted by Plaintiff undermines the Administrator's contention that Plaintiff's claims under his SFIP were at least partially denied in writing on November 27, 2013, meaning the United States' limited waiver of sovereign immunity as to those claims expired on November 27, 2014. 42 U.S.C. § 4072. Plaintiff's lawsuit, filed on March 4, 2015, was filed after this limited waiver of sovereign

immunity expired.  Therefore, the undersigned RECOMMENDS the Motion to Dismiss [Dkt. #8] be GRANTED and Plaintiff's claims DISMISSED with PREJUDICE, as the time bar in this case is jurisdictional and there appears to be no set of facts on which Plaintiff can establish a timely claim for relief.

## IV. RECOMMENDATIONS

For the reasons stated in detail above, the undersigned RECOMMENDS the Motion to Dismiss [Dkt. #8] be GRANTED and Plaintiff's claims DISMISSED with PREJUDICE.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED June 30, 2015

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE